# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00569-CR

**Jason Eureste, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF CONCHO COUNTY, 119TH JUDICIAL DISTRICT NO. 1326-A, HONORABLE BEN WOODWARD, JUDGE PRESIDING

Appellant Jason Eureste was jointly tried on two indictments, one accusing him of the sexual assault of a fourteen-year-old girl and the other accusing him of the aggravated sexual assault of an eleven-year-old girl. *See* Tex. Penal Code Ann. §§ 22.011(a)(2)(A) & 22.021(a)(1)(B)(i), (2)(B) (West Supp. 2001). A jury found him not guilty of the first offense but guilty of the second, and assessed punishment at imprisonment for ten years and a $10,000 fine. On the jury's recommendation, imposition of sentence was suspended and appellant was placed on community supervision.

Appellant now contends that his trial attorney rendered ineffective assistance. To prevail on this claim, appellant must show that counsel made such serious errors that he was not functioning effectively as counsel and that these errors prejudiced appellant's defense to such a degree that he was deprived of a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999); *Hernandez v. State*, 726

S.W.2d 53, 57 (Tex. Crim. App. 1986); *and see Moore v. State*, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985); *O'Hara v. State*, 837 S.W.2d 139, 143 (Tex. App.—Austin 1992, pet. ref'd). Appellant filed a motion for new trial, but ineffectiveness of counsel was not asserted.

Appellant contends trial counsel was ineffective because he did not call certain witnesses: Catherine Maldonado, a child protective services worker who interviewed the younger complainant; an unnamed doctor who examined the complainant following her outcry; and three named individuals who were present at the house when the alleged assault took place. The complainant's written statement to Maldonado was introduced in evidence by the defense and used to impeach the complainant's trial testimony. There is no showing that Maldonado's own testimony would have added anything of benefit to the defense. Similarly, there is no evidence that the other uncalled witnesses were willing to testify, or would have offered any beneficial testimony.

Appellant further argues that counsel was ineffective because he did not properly develop a misidentification defense. He notes that counsel "cross examined both of the alleged victims on their knowledge of and relationship with a man named George Anzuldua, insinuating that Anzuldua was the actor and that the Defendant had been misidentified. However, at no time did counsel subpoena Mr. Anzuldua, or set forth a direct allegation that Mr. Anzuldua was the guilty party." Anzuldua was shown to be the former boyfriend of the older complainant. Appellant testified at trial that Anzuldua was present at the time and place of the alleged assaults, but neither complainant corroborated this. There is no evidence that Anzuldua would have testified that he had sexual intercourse with the complainants. It would have been improper for the defense to call

2

Anzuldua for the purpose of having him invoke his Fifth Amendment privilege before the jury, as appellant suggests in his brief. *See Whitmore v. State*, 570 S.W.2d 889, 896 (Tex. Crim. App. 1977).

In reviewing a claim of ineffective assistance, we must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). In this case, the effectiveness of counsel is not merely presumed, but is manifested by the results of the trial. Appellant has not met his burden of proving that counsel's representation was constitutionally inadequate.

Points of error one and two are overruled and the judgment of conviction is affirmed.

_____

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: June 7, 2001

Do Not Publish